### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF MISSOURI
### CENTRAL DIVISION

| | |
|---|---|
| ALFREDO C. MICHEL,<br>Register No. 1005390,<br><br>               Plaintiff,<br><br>               v.<br><br>DAVID DORMIRE,<br><br>               Defendant. | )<br>)<br>)<br>)<br>)<br>)   No. 05-4178-CV-C-NKL<br>)<br>)<br>)<br>) |

### REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff seeks monetary and injunctive relief, pursuant to 42 U.S.C. § 1983. Named as sole defendant is David Dormire.

Plaintiff alleges that persons at the Missouri Department of Corrections (MDOC) are trying to poison him. Plaintiff alleges that MDOC personnel are giving him bottles of pork poison daily, and placing poison in the ventilation system and water pipes. Plaintiff requests the court save him by removing him from his cell. Plaintiff further alleges that "all people" at the Jefferson City Correctional Center (JCCC), including the JCCC administration, correctional officers, sergeants, parole board and even other inmates, are conspiring to kill him. Plaintiff also alleges that a Missouri State Trooper is conspiring to kill him as soon as plaintiff is transferred to Crossroads Correctional Center.

On July 12, 2005, plaintiff filed a motion to be hospitalized, stating that his "disease condition" is an emergency situation because of his receiving twelve bottles of pork poison daily with his food trays. On July 20, 2005, plaintiff filed a motion for enforcement of "federal law and the war issue."

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Having reviewed plaintiff's inmate account information, the court will grant him provisional leave to proceed in forma pauperis. However, pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Upon review of plaintiff's claims, pursuant the Prison Litigation Reform Act, the court finds that plaintiff's claims should be dismissed as frivolous. A complaint is frivolous when the factual allegations lack an arguable basis-in-fact or are fanciful. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In the instant case, plaintiff's allegations that he is being poisoned by pork poison being served with his meals and poison in his vents and water pipes are clearly claims that lack an arguable basis-in-fact. The court further finds that plaintiff's claim alleging a conspiracy by "all people" to kill him, also lacks an arguable basis-in-fact. The court finds plaintiff's claims to be fanciful and should be dismissed as frivolous.

Plaintiff's motions for injunctive relief requesting to be hospitalized and for enforcement of "federal law and the war issue" should also be dismissed as frivolous, for the same reasons as those set forth above.

Plaintiff's complaint should be dismissed because his claims are frivolous, pursuant to 28 U.S.C. § 1915A. Plaintiff is warned that if this case is dismissed as recommended, it will count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

IT IS, THEREFORE, ORDERED that plaintiff is granted provisional leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, on the basis of indigence. It is further

RECOMMENDED that plaintiff's claims be dismissed, pursuant to 28 U.S.C. § 1915A, as frivolous. It is further

RECOMMENDED that plaintiff's motions for injunctive relief be denied [6, 7].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

As previously stated, the court has granted plaintiff leave to proceed in forma pauperis on a provisional basis. By doing so, the court has foregone collection of the $250.00 filing fee established for civil cases. Plaintiff is now warned that the court will collect the entire $250.00 filing fee if plaintiff files another pleading of any type whatsoever in this case. *See* 28 U.S.C. § 1915(b)(2) (provisions for deducting money from prisoner's account). Under section 1915(b), installment payments are permitted after the assessment and payment of an initial partial filing fee.

Dated this 27th day of July, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge